IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SANDRA S. COWART,                )
                                 )
           Plaintiff,            )
                                 )
     v.                          )     1:15CV1098
                                 )
BANK OF AMERICA, N.A., SHAPIRO & )
INGLE, LLP, CORNISH LAW, PLLC,   )
                                 )
           Defendants.           )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on a Complaint filed by Plaintiff Sandra S. Cowart. In the Complaint, Plaintiff attempts to challenge state court foreclosure proceedings and a state court order finding that her residence in Greensboro, North Carolina, may be sold at foreclosure sale, which is presently scheduled for January 11, 2016. Plaintiff names as Defendants Bank of America, N.A. ("Bank of America"), and two alleged substitute trustees, Shapiro & Ingle, LLP, and Cornish Law, PLLC. Plaintiff has also filed a Motion for Preliminary Injunction [Doc. #4] and a Motion for Temporary Restraining Order [Doc. #5], seeking to stop the foreclosure sale.

In conjunction with the Complaint, Plaintiff also submitted an Application for Leave to Proceed In Forma Pauperis. "The federal in forma pauperis statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins

v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted).

As to the second grounds for dismissal, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an

2

Case 1:15-cv-01098-LCB-JEP   Document 6   Filed 12/31/15   Page 2 of 6

unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] In addition, the Court may anticipate affirmative defenses which are clear on the face of the complaint. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

In this case, Plaintiff alleges in her Complaint that Defendant Bank of America obtained an order of foreclosure on her residence "without ever proving standing as holder in due course." (Compl. [Doc. #3] at 2 (emphasis omitted).) Plaintiff states that a "de novo hearing" was held on February 4, 2015. (Id.) Plaintiff further alleges that at this hearing, a witness testified to hearsay, a copy of her mortgage note did not match the original copy, the record showed two securitizations of her mortgage note which caused it to be null and void, and that her chain of title showed that Bank of America was not a proper holder of her mortgage note. (Id. at 2-3.) Plaintiff seeks as relief a "federal common law lein [sic] in the amount of $165,900.00" and other relief "due to fraudulent filing without jurisdiction (subject matter) and standing to foreclose and sale." (Id. at 4.)

In her Motion for Preliminary Injunction [Doc. #4], Plaintiff seeks to bar the sale of her residence. She says that Defendant Bank of America has "issued a Notice of Trustee Sale and

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly"s requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint).

Case 1:15-cv-01098-LCB-JEP   Document 6   Filed 12/31/15   Page 3 of 6

intends to sell the property at a public auction." (Id. at 1.) Plaintiff claims that her note is owned by Bank of New York Mellon Trust rather than Defendant Bank of America. She claims that Defendant Bank of America is attempting to defraud her and the state court.

Similarly, in Plaintiff's Motion for Temporary Injunction [Doc. #5], Plaintiff seeks to stop the pending foreclosure sale of her residence. She says that she has lived in the residence for 40 years. Plaintiff asks for a "temporary restraining order to stop the foreclosure sale of her property pending resolution of her Motion to Strike a Void Judgment." (Id. at 2.)

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim on which relief may be granted. First, Plaintiff makes no specific factual allegations against the two alleged substitute trustees. Therefore, Plaintiff has failed to state a claim upon which relief may be granted against them. Plaintiff does make allegations against Defendant Bank of America, but Plaintiff does not state any claim under federal law or any basis for any federal claim against Bank of America. Instead, Plaintiff's claims are all efforts to challenge the February 4, 2015 state court judgment, which apparently resulted in the impending foreclosure sale of Plaintiff's residence. However, the "Rooker-Feldman doctrine" prohibits federal district courts from asserting subject matter jurisdiction for the purpose of reviewing state court decisions. See D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Tr. Co., 263 U.S. 413 (1923). Thus, a party that loses in state court is "barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005–06 (1994); see also

4

Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (holding that, under the Rooker–Feldman doctrine, a federal court cannot assert jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). Pursuant to this doctrine, Plaintiff may not assert claims that "ask this court to determine that the state foreclosure order is invalid or wrongly decided." Harris v. SunTrust Mortgage, Inc., No. 12-CV-378, 2013 WL 1120846, at *3 (M.D.N.C. Mar. 18, 2013). Plaintiff may therefore not assert claims in this Court challenging the determination of the state court. Plaintiff had an avenue for appealing that decision in state court. The present suit was filed after the state court order was entered, and to the extent Plaintiff challenges or seeks review of that state court foreclosure order, this Court lacks subject matter jurisdiction of those claims pursuant to the Rooker-Feldman doctrine. As noted above, Plaintiff also fails to allege facts that would state a federal cause of action independent of the state court hearing and order of foreclosure. Therefore, for all of these reasons, this case should be dismissed.[2]

Because this Court lacks subject matter jurisdiction over Plaintiff's claims, her Motions for Preliminary Injunction and for a Temporary Restraining Order should be denied.

---

[2] The Court also notes that to the extent Plaintiff seeks to proceed *in forma pauperis* in this matter, it appears that Plaintiff could make payments toward the filing fee in this case. In this regard, the Court notes that "[a] litigant is not required to show that he is completely destitute in order to qualify as an indigent within the meaning of § 1915(a). . . . However, the 'privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them.'" Stallings v. Warden of Evans Correctional Inst., 8:10CV2668, 2010 WL 5387488 (D.S.C. Dec. 22, 2010) (quoting Brewster v. N. Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972)). In the present case, based on the information presented in Plaintiff's Affidavit, it appears that Plaintiff would not be without a legal remedy if she is denied *in forma pauperis* status. Therefore, if this case were otherwise to proceed, the Court would intend to set up a payment schedule for Plaintiff to pay the filing fee. However, the Court will not impose such a requirement at this time, as the case is subject to dismissal, as set out above.

5

Plaintiff's request to proceed in forma pauperis shall be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that in forma pauperis status be granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that Plaintiff's Motion for Preliminary Injunction [Doc. #4] and Motion for Temporary Restraining Order [Doc. #5] be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief may be granted, but without prejudice to Plaintiff asserting any state law claims she may have in state court.

This, the 31st day of December, 2015.

/s/ Joi Elizabeth Peake
United States Magistrate Judge